UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                    Chapter 7

    BOAZ ARIK GILAD,                                    Case No.: 20-43233-jmm

                      Debtor.
----------------------------------------------------------x

### ORDER AUTHORIZING DAVID J. DOYAGA, SR. AS TRUSTEE
### TO ISSUE SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

Upon the motion dated December 1, 2020 (the "Motion") of David J. Doyaga, Sr., Chapter 7 Trustee (the "Movant" or "Trustee") pursuant to Bankruptcy Rule 2004, for an order authorizing the Movant to issue a subpoena for the production of documents to Capital One, N.A. (the "Witness") as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and there being no opposition to the relief sought in the Motion, or said opposition having being withdrawn or otherwise overruled; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors and other parties in interest, and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is

**ORDERED,** that the Movant is authorized under Bankruptcy Rule 2004 and 9016, to issue such subpoenas as may be necessary to compel the production of documents and the testimony of the Witness in connection with the administration of this chapter 7 case; and it is further

**ORDERED**, that unless otherwise agreed to by the Movant, the Witness's time to produce documents requested by, object to, move to quash, or otherwise respond to a subpoena shall be the time established by Rule 45 of the Federal Rules of Civil Procedure made applicable hereto by Bankruptcy Rule 9016; and it is further

**ORDERED,** that unless otherwise agreed by the Movant, if the Witness withholds any documents from the production based upon a claim of privilege, the Witness is directed to provide counsel for the Movant with a privilege log, containing the information required under Bankruptcy Rule 7026 and E.D.N.Y. L.B.R. 7026-1, contemporaneously with the Witness's production of documents; and it is further

**ORDERED,** that nothing herein shall limit the rights of the Witness under applicable law to object to or oppose any subpoena the Movant may serve upon the Witness; and it is further

**ORDERED,** that in accordance with Bankruptcy Rule 2004 and 9016, (i) the Clerk of this Court may issue subpoenas, signed, but otherwise in-blank, as requested by the Movant, or (ii) provided that counsel for the Movant is authorized to practice in this Court, counsel may issue and sign the subpoenas; and it is further

**ORDERED,** that the Movant shall file with the Court an affidavit or declaration of service for each subpoenas Movant serves; and it is further

**ORDERED,** that this Order is without prejudice to the Movant's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law; and it is further

**ORDERED**, that the Court may retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.



Dated: Brooklyn, New York
December 30, 2020

Jil Mazer-Marino
United States Bankruptcy Judge